## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON

**KENNETH M. ANDERSON,**

      **Plaintiff,**

v.                                  **Case No. 2:16-cv-08079**

**KANAWHA VALLEY REGIONAL**
**TRANSPORTATION AUTHORITY,**

      **Defendant.**

### MEMORANDUM OPINION AND ORDER

This matter is assigned to the undersigned United States Magistrate Judge for final disposition pursuant to the consent of the parties (ECF No. 8).  Pending before the court is the defendant's Motion to Dismiss Complaint (ECF No. 3).

### PROCEDURAL HISTORY

On August 23, 2016, the defendant removed this civil action to this court from the Circuit Court of Kanawha County based on federal question jurisdiction.  The plaintiff's one-page Complaint alleges as follows:

> This lawsuit is being filed against Kanawha Valley Regional Transportation Authority because certain drivers employed by KVRTA have continuously vi[o]lated my rights.  Ten months ago a driver made an attempt to murder me with the bus he was driving!  Simply stated, I charge KVRTA's drivers with overt racial discrimination, in violation of my rights under Title VI of the Civil Rights Code.  Suit amount $150,000.

(ECF No. 1-1 at 2).

On August 29, 2016, the defendant filed a Motion to Dismiss (ECF No. 3) and a Memorandum of Law in support thereof (ECF No. 4).  The defendant's motion documents

assert that the plaintiff's Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

On September 19, 2016, the plaintiff filed a one-page Letter-Form Response to the Motion to Dismiss (ECF No. 6), in which he requests that the court deny the motion and summarily asserts that he "will swear under oath in court that the facts alledged [sic; alleged] in the Complaint ware completely true an[d] valid." (*Id.*)  The defendant did not file a reply brief.  This matter is ripe for adjudication.[1]

## <u>STANDARD OF REVIEW</u>

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints.  However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face."  While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a civil rights case.  The Court wrote:

> Two working principles underlie our decision in *Twombly*.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations

---

[1]  On January 3, 2017, the Clerk's Office received and docketed a Notice of Change of Address from the plaintiff and updated his address on the docket sheet.

in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted).  Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  *Id.*, at 556.

* * *

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

556 U.S. at 678-79.

## ANALYSIS

The defendant's Motion to Dismiss contends that the plaintiff's Complaint contains nothing more than a conclusory, unsupported allegation of discrimination or possibly some other unspecified intentional tort or negligence.  As further noted in the defendant's Memorandum:

The Complaint is required to provide at least some factual allegations of Plaintiff's alleged injuries and "propel the claim into the realm of the plausible."  [*Piasecki v. Wal-Mart Stores East, LP*, Civil Action No. 2:08-cv-01301, 2009 WL 8626849 *1 (S.D. W. Va. Feb. 20, 2009)].  As it now stands, this Complaint fails to allege even what Plaintiff's injuries are, if any.

(ECF No. 4 at 4).  The Memorandum further asserts as follows:

There are only three (3) full sentences in the Complaint.  The first alleges that unspecified KRT drivers have continuously violated Plaintiff's rights.  Who the drivers are, what they allegedly did, where this happened, when it happened, and in what manner, all go unsaid.

The second sentence is equally unavailing.  It alleges an attempted vehicular homicide.  Again, no details are given other than a vague reference to ten (10) months ago, presumably sometime in October 2015.  Certainly there is no detail that would put KRT on fair notice as to what they are supposed to defend against [].

3

> The final sentence is an unsupported allegation of racial discrimination and a reference to Title VI of the Civil Rights Act. The allegation does not even recite the legal elements of the claim, leaving KRT to guess as to what parts of a quite lengthy statute they are to respond to.

(*Id.* at 2).

The plaintiff's Response summarily asserts that he will swear to the validity of the facts alleged in the Complaint, and in no way contests the defendant's assertion that his race discrimination claim is insufficiently pled. (ECF No. 6).

Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.*, provides that "No person in the United States shall, on the grounds of race, color or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. At the outset, the plaintiff's Complaint does not even allege that Kanawha Valley Regional Transportation Authority ("KRT") is a program or activity that receives federal financial assistance. However, even assuming that KRT is an entity to which Title VI applies, the plaintiff's Complaint is devoid of sufficient facts to establish a plausible violation of Title VI by KRT or any individuals employed thereby.

As noted by the defendant, the Complaint fails to allege any specific facts concerning what KRT drivers have discriminated against him, how such drivers allegedly discriminated against him, when such discrimination allegedly occurred and how he has been injured by such alleged discrimination. At most, the attachments to the Complaint indicate that the plaintiff lodged a complaint concerning an incident on March 12, 2016, that allegedly occurred between 7:50 and 8:00 p.m., on route #21, involving bus #406, during which the driver's children allegedly made a comment directed to the plaintiff that was not overtly racial in nature. The plaintiff's complaint alleged as follows:

> On 3/12/16 at approximately 7:50-8:00 I boarded bust #406, the driver's 2 children were on the bus.  The daughter was polite – the son gave me a look – a glower that told me that I disgusted him.  Four or 6 minutes later he said something to his sister, chiding her for smiling at every "retard" that got on the bus.  This insult was indirectly given to me.  I was the only passenger on the bus.  I didn't say anything then, but the next time I surely will.

(ECF No. 1, Attach. 1 at 4-5).  A second attachment to the Complaint addresses a complaint made by the plaintiff concerning an incident that occurred at approximately 7:10 p.m. on July 18, 2016, during which Nitro bus #3, which was allegedly operated by an "unknown white male" allegedly drove by the plaintiff without stopping.  That complaint document further states:

> I was standing adjacent to Beatrice and West Washington St.  The Nitro bus was going east into the transit mall.  This drive[r] clearly saw me standing there with the fare in my right hand.  He slowed down and looked at me but kept on going and not stopping.  I know that he saw me standing but ignored me.  This happened in another location 3 weeks ago.

(*Id.* at 6).

Even incorporating the facts contained in these attachments as part of the Complaint, and accepting them as true as the court must when considering a Rule 12(b)(6) motion, the undersigned **FINDS** that the plaintiff's Complaint is insufficient to give rise to a plausible claim of race discrimination, or any other claim actionable in this federal court.  Nothing in the facts presented gives rise to a plausible inference of discrimination based upon race and the plaintiff's allegations are largely threadbare legal conclusions.

However, the undersigned notes that "the Fourth Circuit has stated that a court should consider granting plaintiffs, particularly *pro se* plaintiffs, leave to amend if it dismisses a complaint based on [Rule] 12(b)(6)."  *Smith v. Virginia,* No. 3:08cv800, 2009

WL 2175759, at *9 (E.D. Va. July 16, 2009) (*citing Ostrzenski v. Seigel,* 177 F.3d 245, 252–53 (4th Cir.1999)).

> Amendment should be refused only if it appears to a certainty that plaintiff cannot state a claim. The better practice is to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the court will be able to determine conclusively on the face of a defective pleading whether plaintiff actually can state a claim.

*Ostrzenski,* 177 F.3d at 253.   Under this authority, it is hereby **ORDERED** that the defendant's Motion to Dismiss (ECF No. 3) is **DENIED WITHOUT PREJUDICE.**   It is further **ORDERED** that the plaintiff is granted leave to file an Amended Complaint in an attempt to cure the deficiencies addressed herein.

The plaintiff is hereby **NOTIFIED** that it will be insufficient for him to simply refer to his prior Complaint or additional documentation, or to incorporate the same by reference in the Amended Complaint.   The Amended Complaint will supersede the original Complaint, and there must be **one integrated document** that will provide the defendant with notice of the plaintiff's claims and factual allegations.

The plaintiff is further **NOTIFIED** that, pursuant to Rule 10 of the Federal Rules of Civil Procedure, he should include a caption of the case with the names of all of the parties, and he should state his claims in numbered paragraphs, "each limited as far as practicable to a single set of circumstances," and each type of claim, if more than one, should be set out in a separate count, to promote clarity.   Fed. R. Civ. P. 10.   It is hereby **ORDERED** that the plaintiff's Amended Complaint shall be filed by **April 24, 2017**.

The Clerk is directed to mail a copy of this Order to the *pro se* plaintiff and to transmit a copy to counsel of record.

ENTER:        March 23, 2017

Dwane L. Tinsley
United States Magistrate Judge

6