**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON**

**KENNETH M. ANDERSON,**

        **Plaintiff,**

v.                                     Case No. 2:16-cv-08079

**KANAWHA VALLEY REGIONAL
TRANSPORTATION AUTHORITY,**

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is assigned to the undersigned United States Magistrate Judge for final disposition pursuant to the consent of the parties (ECF No. 8). Pending before the court are the defendant's Renewed Motion to Dismiss (ECF No. 14) and the plaintiff's Letter-Form Motion for Hearing (ECF No. 16).

## PROCEDURAL HISTORY

On March 23, 2017, the undersigned denied the defendant, Kanawha Valley Regional Transportation's ("KRT") initial Motion to Dismiss (ECF No. 3) and granted the plaintiff leave to file an Amended Complaint in an attempt to cure deficiencies as set forth in the undersigned's Memorandum Opinion and Order (ECF No. 12). On April 21, 2017, the plaintiff filed his Amended Complaint (ECF No. 13). Thereafter, the defendant filed a Renewed Motion to Dismiss (ECF No. 14) and a Memorandum of Law in support thereof (ECF No. 15). In response, the plaintiff filed a Letter-Form Motion for Hearing (ECF No. 16). The defendant filed a response (ECF No. 17) stating that it does not oppose the plaintiff's request for a hearing.

## **STANDARD OF REVIEW**

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.
>
> * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

556 U.S. at 678-79.

## ANALYSIS

The plaintiff's Amended Complaint again contends that "I stand at the designated bus stop and drivers pass on by as if I am not there! I call in to report this misconduct and nothing happens – it continues." (ECF No. 13 at 1). The Amended Complaint further reiterates the plaintiff's allegation that he was the victim of an "attempted murder" by a bus driver over a year ago (but does not provide any specific details concerning this incident). (*Id.*) The plaintiff then speculates that the defendant has "minimalized what these drivers are doing" "because I'm a black man" and "my life has no value to anyone with such racist opinions." (*Id.* at 2). The plaintiff further asserts that "KRT management knows the identity of the driver that committed these acts" and "[t]heir pretend ignorance of the identity of their names is a convenient excuse, a cop-out to dodge their responsibility to punish these drivers!!!" (*Id.*) Thus, the plaintiff ultimately alleges that "KRT is responsible for the conduct or . . . misconduct of their drivers!" (*Id.* at 3).

The defendant's Renewed Motion to Dismiss contends that the plaintiff's Amended Complaint, like the original Complaint "provides virtually nothing to put KRT fairly on notice of why it is being sued. It is nothing more than a list of recitals and conclusory statements, lacking any factual allegations of any credibility whatsoever." (ECF No. 15 at 2). Similar to the initial Complaint, the Amended Complaint lacks "names of KRT personnel who were involved in the allegations, what events were to have occurred, dates, locations, or manner that something happened." (*Id.*) The defendant further argues that the plaintiff's Amended Complaint does not conform to the format set forth in Rule 10 of the Federal Rules of Civil Procedure, as previously ordered by the court. (*Id.* at 2-3).

The defendant's Memorandum of Law further asserts:

> While longer than the original Complaint, the Amended Complaint again is a series of conclusory statements that provide little in the way of detail. It appears to claim some form of continuing tort, and alleges that the drivers do not stop, but does not explain how this is a violation of any law. Document 13 at 1. It references the alleged attempted murder and names a witness but does not state a location where it occurred, an approximate date of the incident, who the alleged perpetrator was, how the attempted murder occurred, or how KRT is legally responsible for the alleged incident. *Id.*
>
> Plaintiff next claims he is being racially discriminated against, presumably under the same statute, Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.*,[1] stating that he has made several complaints to KRT management. Document 13 at 2. Again, no supporting information, such as to whom the complaints were made, what the incidents were, where the incidents occurred, or anything else useful to make this case legally sufficient is provided. *Id.*
>
> Finally, on page 3, Plaintiff makes a statement of law, stating that KRT is responsible for the conduct of its drivers. Document 13 at 3. This, an incomplete recitation of *respondeat superior*, is the only legal claim contained in the Amended Complaint. Plaintiff completes his Amended Complaint by alleging emotional distress, a form of damages. *Id.*

(ECF No. 15 at 2-3). Thus, the defendant asserts, even taking the plaintiff's allegations therein together as true, the Amended Complaint fails to provide sufficient factual support to state a plausible racial discrimination claim against KRT or any of its employees.

"The Complaint must contain as many facts as are necessary to propel the claim across 'the line between possibility and plausibility of entitlement to relief.'" *Piasecki v. Wal-Mart Stores East, LP*, No. 2:08-cv-01302, 2009 WL 8626849 (S.D. W.Va. Feb. 20, 2009) (quoting *Twombly*, 550 U.S. at 557). Moreover, as noted by the defendant, the

---

[1] Title VI provides that "No person in the United States shall, on the grounds of race, color or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. The defendant's Memorandum of Law in support of its Renewed Motion to Dismiss confirms that KRT receives substantial federal financial assistance. (ECF No. 15 at 4 n.2). Thus, it is presumed that KRT is an entity subject to the requirements of Title VI.

Supreme Court has proscribed a practice of allowing an insufficiently pled complaint to proceed into discovery "in the hope that the necessary supporting details are brought forth during that process." (ECF No. 15 at 5) (citing *Iqbal*, 556 U.S. at 684-685).[2] The plaintiff's Letter-Form Motion for Hearing (ECF No. 16), filed in lieu of a response to the Renewed Motion to Dismiss, does not contain any basis for the hearing or argument as to why the motion to dismiss should not be granted. As noted above, the Rule 12(b)(6) standard requires the court to rule on the sufficiency of the Amended Complaint, as stated, taking as true the factual allegations made by the plaintiff therein.

The undersigned **FINDS** that the plaintiff's Amended Complaint is insufficient to give rise to a plausible claim of race discrimination, or any other claim that would be actionable in this federal court, and that there is no basis for a hearing as requested by the plaintiff. Despite being granted leave to file his Amended Complaint, and being specifically instructed concerning the level of detail necessary to overcome the deficiencies of his initial Complaint, nothing in the facts presented in the Amended Complaint gives rise to a plausible inference of discrimination based upon race and the plaintiff's allegations therein are, once again, largely threadbare legal conclusions.

Accordingly, the undersigned **FINDS** that the Amended Complaint fails to allege a plausible claim for relief and, thus, it should be dismissed pursuant to Rule 12(b)(6) and the dictates of *Twombly* and *Iqbal*. Therefore, it is hereby **ORDERED** that the defendant's Renewed Motion to Dismiss (ECF No. 14) is **GRANTED** and the Amended Complaint and this civil action are hereby **DISMISSED** without prejudice.[3] It is further

---

[2] The defendant mistakenly cited this case as *Twombly*.
[3] The Court **FINDS** that this matter is not appropriate for dismissal under Rule 41(b) of the Federal Rules of Civil Procedure, as alternatively argued by the defendant.

**ORDERED** that the plaintiff's Letter-Form Motion for Hearing (ECF No. 16) is **DENIED**.

The Clerk is directed to remove this civil action from the docket of the court, to mail a copy of this Memorandum Opinion and Order to the plaintiff, and to transmit a copy to counsel of record.

ENTER: March 30, 2018

Dwane L. Tinsley
United States Magistrate Judge